IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARTER PURYEAR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-12-3222 |
| CAPITAL ONE BANK, N.A., | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

The Plaintiff Carter Puryear asserts claims of violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-301, *et seq.* via the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201, *et seq.*; and for declaratory judgment and injunctive relief against the Defendant Capital One Bank, N.A. Specifically, the Plaintiff contends that, in connection with a loan transaction, the Defendant failed to give him proper notice of his right to rescind, failed to honor his rescission, engaged in unfair debt collection practices, and failed to release a lien on his property. Pending before this Court are Plaintiff's Motion for Partial Summary Judgment (ECF No. 18) and Defendant's Motion for Partial Summary Judgment (ECF No. 29). A hearing was held on January 6, 2014.[1] *See*

---

[1] Following the hearing, by separate Letter Order of January 6, 2014 (ECF No. 34), the Defendant's Cross Motion for Summary Judgment, or in the Alternative, Partial Dismissal (ECF No. 25) was granted in part and denied in part. By agreement of counsel, Defendant's Motion was denied as to its motion for summary judgment on Count I. That Motion was granted to the extent that because

Local Rule 105.6 (D. Md. 2011). For the reasons indicated on the hearing record and those that follow, Plaintiff's Motion for Partial Summary Judgment (ECF No. 18) is GRANTED IN PART and DENIED IN PART, and Defendant's Motion for Partial Summary Judgment (ECF No. 29) is DENIED.

## BACKGROUND

At the hearing, the parties agreed as to the following recitation of the facts. The Plaintiff, Carter Puryear, entered into a home equity line of credit loan with Capital One on April 19, 2011 (the "Loan"). The line of credit, for an amount up to $75,000, was secured by a deed of trust to Puryear's home, which he already owned and used as his principal residence. The deed of trust was recorded in the land records of Frederick County, Maryland on May 12, 2011.

The transaction was an open-end credit agreement as defined by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1637, and its implementing regulations. Because the Loan involved a security interest in the home, the TILA gave Puryear the right to rescind the transaction within three days. Pursuant to the TILA, Capital One was required to provide him notice of this right and of the date on which the rescission period expired. Capital One provided a form to Puryear containing standard language which indicated:

> You have a legal right under federal law to cancel the account without cost, within three (3) business days from whichever of the following events occurs

---

the lien in question has been released, the issue of declaratory judgment and injunctive relief is moot, and Count III was accordingly dismissed with prejudice by agreement of counsel. Pursuant to agreement of counsel and the instructions of the Court, on January 8, 2014, the Plaintiff filed an Amended Complaint (ECF No. 37), containing only Counts I and II. Also, in the Letter Order of January 6, 2014, Puryear's Motion to Supplement Plaintiff's Motion for Partial Summary Judgment (ECF No. 28) was granted without opposition by Defendant, and this Court has considered the supplemental evidence and arguments advanced by the Plaintiff.

2

last:
    (A) the date of the opening of your account which is April 14, 2011, or
    (B) the date you received your Truth in Lending disclosures, or
    (C) the date you received this notice of your right to cancel the account.

Notice of Right to Cancel, ECF No. 25-4 ("April 2011 Notice"). The April 2011 Notice also stated:

> If you cancel by mail or telegram, you must send the notice no later than **midnight of April 18, 2011** or midnight of the third (3rd) business day following the latest of the three events listed above.

*Id.* (emphasis in original). Pursuant to the terms of the Loan, the Plaintiff drew funds on the home equity line of credit and payments on the Loan were automatically deducted from his checking account. Puryear made no attempt to rescind the Loan during this time period.

On October 26, 2011, after an internal review, Capital One sent the Plaintiff a new notice ("October 2011 Notice") informing him that he had an additional opportunity to rescind the Loan within three days. On October 29, 2011, the Plaintiff timely exercised his right to rescission, and on or about November 3, 2011, he tendered $27,104.35 that had been advanced to him back to the Defendant.

On four occasions in June and July of 2012, Capital One demanded payment of a $50.00 annual fee on the now-rescinded Loan. Capital One also did not refund finance charges, settlement costs, and interest he paid on the Loan. In addition, the deed of trust had not been released and therefore a lien on Puryear's home remained recorded in the land records for Frederick County, Maryland. On August 9, 2012, the Plaintiff filed a complaint in the Circuit Court for Frederick County (ECF No. 2), asserting violations of the Truth in Lending Act, violations of the Maryland Consumer Protection Act and Maryland Consumer Debt Collection Act, and seeking declaratory judgment and injunctive relief. After the

complaint was filed, Capital One finally recorded a Certificate of Satisfaction in the Frederick County land records on August 16, 2012. The Defendant then removed the case to this Court on November 2, 2012. After the completion of discovery, the parties filed cross motions for partial summary judgment.

STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

### I. Plaintiff's Motion for Partial Summary Judgment

The Plaintiff seeks summary judgment as a matter of law as to Defendant's liability for three violations of the Truth in Lending Act ("TILA") asserted in Count I.

### A. The April 2011 Notice

The Plaintiff claims that the Defendant violated the TILA's notice requirement in the April 2011 Notice. In a transaction such as the one at issue in this case, in which a lender

retains a security interest in the principal dwelling of the obligor,

> the obligor has the right to rescind the transaction until midnight of the third business day after the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with the regulations of the Bureau, of his intention to do so.

15 U.S.C. § 1635(a). The TILA requires that the creditor "clearly and conspicuously disclose" the right to rescind in an appropriate notice form, in accordance with the applicable regulations. *Id.* Transactions of the type at issue in this case are governed by "Regulation Z," 12 C.F.R. § 226.15, which restates the rescission deadlines set forth in the TILA itself.[2] Regulation Z also provides model forms, which include the relevant notice language and blank spaces for particular transaction dates and deadlines. 12 C.F.R. § 226, App. G; *Palmer v. Champion Mortgage*, 465 F.3d 24 (3d Cir. 2006) (use of standard form is prima facie evidence of adequate disclosure). A court must evaluate whether the disclosure complies with the TILA on an objective basis, "from the vantage point of the hypothetical average customer." *Id.* at 28 (courts analyze the text of the notice itself, rather than the plaintiff's subjective understanding of it).

In this case, the April 2011 Notice contains the standard language set forth in model form G-8, 12 C.F.R. § 226, App. G, but lists the rescission deadline as April 18, 2011 when the Loan did not close until April 19, 2011. Defendant's designee acknowledged that the inclusion of a deadline that is prior to the closing of the Loan was a "mistake." Pl.'s Supp.

---

[2] The Plaintiff previously cited the regulation governing closed-end credit transactions, 12 C.F.R. § 226.23, whereas the Loan at issue in this case involves open-end credit. For the reasons stated on the record at the hearing, and without opposition by the Defendant and by agreement of counsel, the Plaintiff was granted leave to amend, and filed an Amended Complaint citing the correct provision of Regulation Z on January 8, 2014 (ECF No. 37).

Mem., ECF Nos. 35 and 35-1. At the same time, however, the April 2011 Notice states the alternative deadline of "midnight of the third (3rd) business day following the latest of the three events listed above." ECF No. 25-4.

Under the totality of the circumstances, Puryear cannot show as a matter of law that Capital One did not clearly and conspicuously disclose the date his right to rescind expired. Although a reasonable finder of fact could conclude that the inclusion of April 18, 2011 as the last date to rescind the transaction did not clearly and conspicuously give notice of the right to cancel the Loan, a reasonable fact finder could also conclude that despite inclusion of the incorrect April 18th deadline, the clause "or midnight of the third (3rd) business day following the latest of the three events listed above" clearly and conspicuously disclosed that the Plaintiff in fact had until April 22nd to rescind. Thus, a genuine dispute remains as to the material issue of fact whether the April 2011 Notice complied with the TILA's clear and conspicuous disclosure requirement. Quite simply, this is a jury question. Accordingly, the Plaintiff's motion for partial summary judgment as to the April 2011 Notice is denied.[3]

---

[3] Capital One also moved for summary judgment on this point. ECF No. 25. This Court denied the Defendant's motion in a Letter Order dated January 6, 2014. ECF No. 34. This Court notes that the cases upon which the Defendant relied are distinguishable from this case. In *Watkins v. SunTrust Mortgage, Inc.*, which dealt with notice of the consequences of rescission, the Fourth Circuit held that hyper-technical adherence to any particular form was not necessary because the applicable information was listed in a different format. 663 F.3d 232, 238-39 (4th Cir. 2011). Unlike in *Watkins*, the instant case concerns a notice form that affirmatively contains inaccurate information as to the rescission deadline. This fact also distinguishes this case from *Palmer v. Champion Mortgage*, 465 F.3d 24 (3d Cir. 2006), a decision of the Court of Appeals for the Third Circuit brought to this Court's attention by the Defendant for the first time at the January 6, 2014 hearing. The Third Circuit rejected the plaintiff's TILA claim based on her argument that a rescission disclosure was subjectively confusing to her. In so holding, however, the Third Circuit explicitly distinguished cases in which the notice lists a deadline that falls before the loan closed, 465 F.3d at 29, as is the situation here. *See, e.g.*, *Basnight v. Diamond Developers, Inc.*, 146 F. Supp. 2d 754, 761 (M.D.N.C. 2001) (denying defendant's motion for summary judgment on TILA claim where notice listed rescission

## B. Failure To Refund Finance and Other Charges

The Plaintiff also asserts that Capital One violated the TILA by failing to honor his rescission of the Loan. "When an obligor exercises the right to rescind . . . , he is not liable for any finance or other charge." 15 U.S.C. § 1635(b). The TILA requires that a lender return any such amounts given by the obligor within twenty days after the receipt of the notice of rescission. *Id.* Following Puryear's timely rescission of the Loan on October 29, 2011, Capital One failed to refund finance charges, settlement costs, and interest paid by him on the Loan. The Defendant conceded at the hearing that these amounts remain outstanding. Therefore, Puryear is entitled as a matter of law to a finding that, upon his timely cancellation of the Loan, Capital One violated the TILA by failing to timely refund finance charges, settlement costs, and interest paid by Puryear. The Plaintiff's Motion is granted as to the TILA violation for failure to refund finance and other charges.

## C. Failure To Terminate a Security Interest

Puryear also moves for summary judgment on Count I for Capital One's failure to timely release the lien on his property. Upon rescission of the Loan by the Plaintiff, "any security interest given by the obligor, including any such interest arising by operation of law, [became] void upon such rescission." 15 U.S.C. § 1635(b). The TILA requires that "[w]ithin 20 days of the receipt of a notice of rescission, the creditor . . . shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." *Id.* Puryear rescinded the Loan on October 29, 2011, but Capital One failed to release the lien on his property until August 16, 2012, after he filed this lawsuit. As the

---

deadline date prior to date contract was entered). Although *Watkins* and *Palmer* are superficially similar to this case, the reasoning in those decisions does not apply here.

Defendant conceded at the hearing, the Plaintiff is entitled to judgment as a matter of law on this particular claim. Accordingly, Puryear's Motion is granted on Count I for a violation of the TILA for failure to timely terminate a security interest upon rescission.

This Court notes that the Plaintiff moved for partial summary judgment on Count I as to liability only. The amount of actual and statutory damages to which the Plaintiff is entitled for the two TILA violations already established, and damages, if any, for a possible third TILA violation, remains an issue for trial.

## II. Defendant's Motion for Partial Summary Judgment as to Damages

The Defendant moves for summary judgment as a matter of law on the issue of damages for emotional distress pursuant to the Maryland Consumer Debt Collection Act ("MCDCA").[4] The MCDCA provides, "A collector who violates any provision of this subtitle is liable for damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury." Md. Code Ann., Com. Law § 14-203.

Puryear alleges that Capital One violated the MCDCA by sending him letters on three occasions, and calling him on the telephone on another occasion, to collect fees which he did not owe. Compl. ¶ 11-14. He claims that Capital One's actions caused anxiety, sleeplessness, nervousness, and frustration.[5] *Id.* ¶ 36. In addition, his adult children

---

[4] Capital One does not move for summary judgment as to any claim for emotional distress damages under the Maryland Consumer Protection Act ("MCPA"). Md. Code Ann., Com. Law § 13-301, *et seq.*; *Sager v. Housing Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 254, 548-49 (D. Md. 2012) (damages for mental anguish or emotional distress recoverable pursuant to the MCPA) (citing, *inter alia*, *Hoffman v. Stamper*, 867 A.2d 276, 295-98 (Md. 2005)).

[5] According to the Plaintiff, he also suffered a stroke during the early time frame that is relevant to this action. However, he states that he does not claim that any action by Capital One caused the stroke. ECF No. 32 at 6 n.13.

8

observed manifestations of his stress and emotional damages related to the Loan starting in the summer of 2011. Deposition of Carter Puryear, ECF No. 32-6; Affidavits of Beverly Martone, Buddy Puryear & Jason Puryear, ECF Nos. 32-8 to 32-10. Moreover, Puryear's children assert that he did not suffer emotional distress before April 2011, when his dealings with Capital One began. *Id.* The evidence also shows, however, that Capital One did not make the call or send the letters until June and July of 2012. Puryear also testified that mistakes he made in setting up automatic payments on the Loan from his checking account, which caused him to overpay, also caused him stress. The Defendant argues that, because Puryear manifested emotional distress before any of these events, he cannot show as a matter of law that Capital One's conduct was the proximate cause of any injury due to emotional distress.[6]

Under Maryland law, "proximate cause exists where there is a complete continuance and unbroken sequence between the act complained of and the act finally resulting in the injury, so that one may be regarded by persons of ordinary judgment as the logical and probable cause." *Scott v. Montgomery County Board of Education*, No. 96-2455, 1997 WL 457521, at *5 (4th Cir. Aug. 12, 1997) (per curiam) (quoting *Vito v. Sargis & Jones, Ltd.*, 672 A.2d 129, 139 (Md. Ct. Spec. App. 1996) (additional citations, internal quotation marks, and alterations omitted)). Additionally, a plaintiff may recover for the worsening of an existing condition. *Harris v. Jones*, 380 A.2d 611, 616 n.2 (Md. 1977) ("The fact that [plaintiff] may have had some pre-existing susceptibility to emotional distress does not necessarily preclude liability if

---

[6] Defendant also argues that the Plaintiff abandoned his claim for emotional distress damages by failing to address it in his Opposition. While the Plaintiff's argument regarding the standard for causation under the MCDCA could have been more focused on the specific points raised by the Defendant in its Motion, there is no basis to conclude that Puryear has conceded his claim.

9

it can be shown that the conduct intensified the pre-existing condition of psychological stress.").

Viewing the facts in the light most favorable to Puryear, the nonmoving party, a reasonable finder of fact could conclude by a preponderance of the evidence that Capital One's actions proximately caused emotional distress warranting an award of damages. It is similarly up to that finder of fact to determine the time period affected and degree to which any harm is attributable to the Defendant's actions. Contrary to the position taken by Capital One, the evidence that the Plaintiff suffered from some degree of emotional stress before the debt collection efforts does not completely foreclose his ability to show that those debt collection efforts also caused injury. *Harris*, 380 A.2d at 16 n.2.

In its Motion and at the hearing, the Defendant principally relied on an unpublished decision of the Fourth Circuit that is distinguishable from this case. *Scott*, 1997 WL 457521, at *6. In *Scott*, the mother of a teenager who committed suicide sued the school board for failing to properly diagnose and treat his psychiatric condition. *Id.* at *3. The Fourth Circuit held that summary judgment in favor of the defendants was proper on the plaintiff's state law claims for negligence, intentional infliction of emotional distress, and wrongful death. The Court noted that the plaintiff's evidence of causation was based on the opinion of a single expert who did not have access to the decedent's complete medical file and only addressed the conditions of his school environment, omitting reference to his family and home life. *Id.* at *6. Because the record contained evidence of numerous stressors on the decedent, the Court concluded that it was impossible to determine why he took his own life. *Id.* In contrast, the evidence in this case includes the Plaintiff's own testimony, as well as the

testimony of his three adult children, all of whom have personal knowledge of the his condition. It is a jury question whether Puryear suffered any damages as a proximate cause of Capital One's debt collection efforts in violation of the Maryland Consumer Debt Collection Act.

In sum, the Defendant's Motion for Partial Summary Judgment (ECF No. 29) is denied.[7]

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment (ECF No. 18) is GRANTED IN PART and DENIED IN PART, specifically it is GRANTED as to liability for failure to refund finance and other charges, and failure to terminate a security interest, and DENIED, specifically as to the claim for failure to give clear and conspicuous notice of the right to rescind. Defendant's Motion for Partial Summary Judgment (ECF No. 29) is DENIED.

A separate Order follows.

Dated: January 10, 2014 　　　　　　　/s/　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　　　　　United States District Judge

---

[7] The Defendant also moved for summary judgment as to damages for a $900.00 security interest charge. As noted at the hearing, there is a genuine dispute of material fact as to whether this fee was paid by Puryear or by Capital One. Accordingly, the Defendant's motion for summary judgment on the issue of damages pursuant to the TILA is denied.